BALCOM and wife *vs.* THE NEW-YORK LIFE INSURANCE AND TRUST COMPANY.

The 200th rule of the court of chancery, prohibiting a defendant from answering a charge in the complainant's bill, by stating his mere ignorance thereof, where an answer on oath is waived, applies to the answer of a corporation, as well as to the answer of a natural person.

But that rule does not prevent the defendant from inserting any thing in his answer which is material to his defence.

To protect a defendant, as a bona fide purchaser or mortgagee without notice, he must, in his answer, deny notice of the complainant's prior equity, although notice

Balcom *v.* The New-York Life Insurance and Trust Company.

to him is not charged in the bill. And he must also deny notice of circumstances charged in the bill from which notice can be inferred.

Where an exception to an answer for impertinence, embraces matters which are proper and material to the defendant's defence, the exception will be overruled.

An exception from impertinence cannot be allowed in part only.

THIS was an appeal, from an order of the vice chancellor of the eighth circuit, disallowing exceptions to a master's report, as to the fourth, fifth, sixth and eighth exceptions to the defendant's answer, for impertinence. The object of the complainants was to establish an equitable title to land, as against the defendants, who had taken a mortgage thereon, from the holder of the legal title, upon a loan of money. An answer on oath was waived; and the subject matters of the three first exceptions were objected to, as impertinent, under the provisions of the 200th rule of the court as revised and established in 1844.

*J. Rhoades,* for the appellants.

*C. Stevens,* for the respondents.

THE CHANCELLOR. The counsel for the respondents is right, in supposing that the provisions of the 200th rule apply to the answer of a corporation; although the answer of a corporation need not be put in upon oath, even where there is no formal waiver of a sworn answer, in the complainant's bill. By the 40th rule, no exceptions for insufficiency are allowed to an answer which is put in without oath; and the general traverse is all that is necessary to put in issue allegations in the bill of which the defendant is ignorant, and which he is unwilling to admit. A circumstantial denial of allegations as to which the defendant is entirely ignorant, is therefore needless prolixity, in such an answer; whether that answer is put in by a corporation or by a natural person. The exceptions which are in controversy here, however, do not come within the principle of the 200th rule. For, in adopting that rule, it was not the intention of the court to prevent the defendant from inserting any thing in his answer which was material to his defence. Here it was

necessary for the defendants, in order to protect themselves as bona fide mortgagees, against the equitable title to the land set up by the complainants, in their bill, to set up and insist upon an entire ignorance of any of the facts, upon which that equity is based, at the time they loaned their money upon the security of the mortgage. For where a defendant wishes to protect himself as a bona fide purchaser, or mortgagee, he must, in his answer, explicitly deny all notice of the prior equity; although it is not alleged in the bill that he had such notice. And he must also deny fully, and in the most precise terms, every circumstance from which notice of the prior equity could be inferred. It would not therefore have been sufficient for the defendants, in this case, to have merely put the fact of the existence of the complainants' equity in issue by a general traverse. But it was also necessary for the defendants to assert that they had no notice or information of the complainants' claim, and were in fact entirely ignorant thereof, at the time they advanced the money upon the security of the mortgage on the premises. The matter of the fourth exception to the answer, and a part of the matter of the fifth exception, appear to be essential to the defence of the defendants, as bona fide mortgagees, in case the complainants shall succeed in showing that they were in equity the real owners of the mortgaged premises, and that the mortgagor only held the legal title as their trustee. The matter of the sixth exception is more doubtful, but it is in effect a denial of any knowledge, information or *notice* of the circumstances stated in the bill, as having occurred at the time of the execution of the deed to Mix, upon which the equity of the complainants' claim is partly based. So much of the matter of the eighth exception as sets out the abstract of the title to the land, taken from the records, appears to have been useless. And if that part of the answer alone had been embraced in the exception, it might have been properly stricken out, as rendering the answer unnecessarily prolix. But this exception covers too much; as the rest of the matter included therein appears to be material and proper to the defence. And as exceptions for impertinence cannot be

allowed in part, the whole of this eighth exception should have been disallowed.

The exception to the master's report was well taken, and should have been allowed by the vice chancellor; as it is admitted by counsel that the exception as served did not embrace the seventh exception to the answer. The order appealed from must therefore be reversed; and the exceptions to the master's report, as served on the solicitor for the complainants, must be allowed. And the complainants must pay to the defendants the costs of the exception to the report and of the hearing thereon, and the costs upon this appeal; to be offset against the costs to which the complainants may be entitled, upon the exceptions to the answer which are finally allowed, and the balance only is to be paid.